Filed 10/1/20  P. v. Silva CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073150 |
| v. | (Super.Ct.No. FVA701548) |
| KEITH ALLEN SILVA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Thomas E. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Keith Allen Silva of first degree murder and torture.  After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate

1

Bill 1437), he filed a petition for resentencing under Penal Code[1] section 1170.95. A trial court found that he was not eligible for relief and summarily denied his petition without appointing counsel. Defendant contends that the court's order must be reversed because the court improperly denied his petition without appointing counsel. We disagree and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

" 'On April 4, 2003, defendant and his codefendant, both members and officers of a local chapter of the Vagos motorcycle club, participated, along with seven other members, in the beating of the victim, a club "hang-around," because the latter owed money to one of the other members and had not returned a truck belonging to yet another. Then, defendant drove the bound victim, along with the codefendant, in his truck out to the desert where the victim was fatally shot.' " (*People v. Silva*, *supra*, E055801, at p. 2.)

"A jury convicted defendant, Keith Silva, of first degree murder (Pen. Code, § 187, subd. (a)) and torture (§ 209), both of which were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). In connection with the murder, the jury further found that a principal had used a firearm, discharged a firearm[,] and discharged a firearm causing death (§ 12022.53, subds. (b), (c), (d) & (e)(1)). In bifurcated

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] On March 4, 2020, this court granted respondent's request to take judicial notice of the record in defendant's prior appeal, case No. E055801. The background of the underlying facts and proceedings is taken from our unpublished opinion in that case. (*People v. Silva* (Sept. 16, 2013, E055801) [nonpub. opn.].)

proceedings, defendant admitted having suffered a strike prior. He was sentenced to prison for 75 years to life." (*People v. Silva*, *supra*, E055801, at pp. 1-2, fn. omitted.)

Defendant appealed, and this court reversed the gang enhancement findings as to both offenses and the firearm findings as to the murder. (*People v. Silva*, *supra*, E055801, at p. 2.)

On April 15, 2019, after the passage of Senate Bill 1437, defendant filed a petition for resentencing under section 1170.95 in propria persona. He filed a handwritten motion, claiming that the prosecutor failed to produce any factually relevant testimony or forensic evidence at trial to show that he aided, abetted, counseled, or participated in the killing or beating of the victim. He also filed a preprinted form and checked boxes stating that a charging document had been filed against him, allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; he was convicted of first or second degree murder under one of those theories; he could not now be convicted of murder in light of changes to the law made by Senate Bill 1437; he was not the actual killer, nor did he aid and abet the actual killer with the intent to kill; and he was not a major participant in the felony and did not act with reckless indifference to human life. He also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process."

On June 17, 2019, the trial court summarily denied the petition without appointing counsel or ordering briefing. The court's order stated: "Petition[er] is not eligible for relief under PC1170.95 because he failed to make a prima facie showing that he falls within the provision of PC1170.95(C). The defendant was not convicted of murder under

3

a theory of felony murder or under a theory of natural and probable consequences.  There were no jury instructions for felony murder or natural probable consequences.  The defendant was convicted of aiding and abetting in the commission of first degree murder with express malice."[3]

This appeal followed.

## DISCUSSION

### The Court's Summary Denial of Defendant's Petition Was Proper

Defendant contends that the court erred by summarily denying his petition without appointing counsel for him.  Specifically, he argues that the plain language of section 1170.95 "mandates the appointment of counsel once a petition reaches the 'prima facie' stage set forth in subdivision (c)."  He claims that the failure to appoint counsel violated his statutory and constitutional right to due process and requires reversal.  We find no error.

A. *Relevant Law*

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)  Senate Bill 1437 achieves these goals by amending section 188 to require that a

---

[3] We note that the judge who denied defendant's petition was the same judge who presided over his trial.

principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the "person was the actual killer"; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)

Senate Bill 1437 added section 1170.95, which allows a "person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) To file the petition, all three of the following conditions must be met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189." (*Ibid.*)

Section 1170.95, subdivision (c), sets forth the process for the trial court's review of the petition. The trial court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. . . . If the petitioner makes a prima facie showing that he or she

5

is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

B. *The Court Was Not Required to Appoint Counsel*

Defendant filed a section 1170.95 petition in which he requested counsel. However, as the court stated in its denial, he was not eligible for relief since he was not convicted of murder under a theory of felony murder or under a theory of natural and probable consequences. (§ 1170.95, subd. (a)(3).) He was convicted of aiding and abetting in the commission of first degree murder with express malice. Defendant does not dispute his ineligibility for relief. Rather, he contends the trial court was statutorily required to appoint counsel pursuant to section 1170.95, subdivision (c), once he alleged that he satisfied the filing requirements for the petition. We disagree.

Many courts have rejected similar arguments. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-902, review granted Aug. 12, 2020, S263219; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-330, review granted Mar. 18, 2020, S260493 (*Verdugo*); *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58, review granted Mar. 18, 2020, S260410 (*Cornelius*).) Our Supreme Court is currently considering when the right to appointed counsel arises under section 1170.95, subdivision (c). (See *Lewis*, *supra*, 43 Cal.App.5th 1128.) Pending further guidance from our Supreme Court, we agree with those courts of appeal that interpret section 1170.95 to permit a trial court to make an initial determination of whether the petitioner may be entitled to relief without first appointing counsel.

6

The court in *Verdugo*, *supra*, 44 Cal.App.5th 320 explained: "The first sentence of section 1170.95, subdivision (c), directs the court to review the petition and determine if the petitioner has made the requisite prima facie showing. The second sentence provides, if the petitioner has requested counsel, the court must appoint counsel to represent him or her. The third sentence requires the prosecutor to file and serve a response to the petition within 60 days of service of the petition and permits the petitioner to file a reply to the response. The structure and grammar of this subdivision indicate the Legislature intended to create a chronological sequence: first, a prima facie showing; *thereafter*, appointment of counsel for petitioner; then, briefing by the parties." (*Verdugo*, at p. 332, italics added.)

The court in *Lewis*, *supra*, 43 Cal.App.5th 1128, came to the same conclusion. The court observed that when "the statutory framework is, overall, chronological, courts will construe the timing of particular acts" to occur in the order they appear in the text. (*Lewis*, at pp. 1139-1140.) The court further noted that section 1170.95 is "organized chronologically from its first subdivision to its last." (*Id*. at p. 1140.) It concluded that, "[g]iven the overall structure of the statute . . . the requirement to appoint counsel [arises] in accordance with the sequence of actions described in section 1170.95 subdivision (c)." (*Ibid*.) In other words, "the trial court's duty to appoint counsel does not arise unless and until the court makes the threshold determination that petitioner 'falls within the provisions' of the statute." (*Ibid*.; see *Cornelius*, *supra*, 44 Cal.App.5th at pp. 57-58.)

The *Lewis* court further explained: " 'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of

7

counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief. For example, if the petition contains sufficient summary allegations that would entitle the petitioner to relief, but a review of the court file shows the petitioner was convicted of murder without instruction or argument based on the felony murder rule or [the natural and probable consequences doctrine], . . . it would be entirely appropriate to summarily deny the petition based on petitioner's failure to establish even a prima facie basis of eligibility for resentencing.' " (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138, quoting Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2019) ¶ 23:51(H)(1), pp. 23-150 to 23-151.)

Such is the case here. It is undisputed that defendant was convicted of murder without instruction or argument based on the felony-murder rule or the natural and probable consequences doctrine. He does not fall within the provisions of section 1170.95, and, accordingly, the appointment of counsel was not required. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 332; *Lewis, supra*, 43 Cal.App.5th at p. 1140; *Cornelius, supra*, 44 Cal.App.5th at p. 58.)

C. *Defendant Was Not Denied Due Process*

Defendant additionally claims that the failure to appoint counsel deprived him of his right to due process under the Fourteenth Amendment. He suggests that "when state law gives a criminal defendant the expectation of receiving a certain right, the denial of that right may have the additional effect of violating federal due process." He further contends that section 1170.95, subdivision (c), provides a right to counsel upon a

8

petitioner's request, and by "guaranteeing the procedural avenue of a post-conviction proceeding with the corresponding right to an attorney, the Legislature created a liberty interest in the petitioner's right to that attorney." He cites to the Fourteenth Amendment to the United States Constitution but provides no meaningful analysis as to how it applies to his claim. He also cites *Evitts v. Lucey* (1985) 469 U.S. 387. However, that case is inapposite since it concerned the issue of whether the Due Process Clause of the Fourteenth Amendment guarantees the criminal defendant the effective assistance of counsel on his "first appeal as of right." (*Id*. at pp. 388-389.)

To the extent defendant claims that the summary denial of his petition violated his procedural due process rights because it deprived him of procedures to which he was entitled under section 1170.95, such claim fails. Section 1170.95 specifically contemplates that the trial court must determine whether the record of conviction shows that the petitioner falls within the provisions of the statute, before appointment of counsel. (See *ante*.) As discussed *ante*, the trial court determined that defendant had not made the requisite prima facie showing, and a summary denial of the petition was appropriate. In other words, the court acted in accordance with section 1170.95's procedures. Therefore, defendant suffered no due process violation.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.